UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ABRY L. WHITE | CIVIL ACTION |
| VERSUS | NUMBER: 17-11085 |
| SPECIAL AGENT ANDREW ANDERSON, FBI OF NEW ORLEANS | SECTION: "S"(5) |

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Abry L. White, against Defendant, Special Agent Andrew Anderson of the FBI in New Orleans. (Rec. doc. 1, pp. 1, 5).

Plaintiff is an inmate of the Elayn Hunt Correctional Center in Angie, Louisiana, who is serving a 25-year sentence following a conviction for forcible rape on May 27, 2017. (Rec. doc. 1, p. 4). As his statement of claim herein, Plaintiff alleges as follows:

> I wrote Mr Andrew Anderson ... I am withholding classified information in the matter of national security several times: NO agents came out to talk to me .. I can prove this fact .. He also refused to help me get security clearance with the United States Protective Services .. Hunts is making my work very hard .. ALSO NO ONE WILL LISTEN!
>
> Please hear this case
>
> I need your transcripts!!!

(Rec. doc. 1, p. 5).

As his prayer for relief, Plaintiff requests only the appointment of counsel while bemoaning the fact that no one will provide him with a copy of the Federal Rules of Civil Procedure, the Local Rules of this Court, or an application for appointment of counsel. (Rec. doc. 1, p. 6).

As noted earlier, Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 5). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis of law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claim in the instant case falters for a number of reasons. First, although Plaintiff submitted his complaint on a form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the required state action is absent as the named Defendant is a federal official acting under color of federal. *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987). Second, private citizens have no constitutional rights to have their complaints investigated by federal or local officials, *Bartholomew v. Ladreyt*, No. 14-CV-1468, 2015 WL 365525 at *4 (E.D. La. Jan. 27, 2015), nor do law enforcement officers have an affirmative constitutional duty to investigate an incident. *Royster v. Brown*, No. 07-CV-0054, 2007 WL 433089 at *3 (N.D. Fla. Feb. 5, 2007)(and cases cited therein). The Court is also not cited to, nor is it aware of, any authority imposing an affirmative obligation on the part of federal law enforcement officials to assist a state inmate serving a 25-year sentence in securing a "security clearance." As Plaintiff's allegations in this matter are frivolous, appointment of counsel, the sole relief that he seeks, is untenable here. *Potts v. Texas*, 354 Fed.Appx. 70, 71 (5th Cir. 2009).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this 17th day of November, 2017.

                                             MICHAEL B. NORTH
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.